UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDRE LAVON GRANT,

Plaintiff,

v.

MIAMI-DADE COUNTY SCHOOL BOARD
d/b/a Miami-Dade County Public Schools,

Defendant.

Case No. 06-20741
Judge CIV-KING
Magistrate Judge

MAGISTRATE JUDGE
GARBER

## COMPLAINT

The Plaintiff, André L. Grant sues the Defendant, Miami-Dade County School Board, d/b/a Miami-Dade County Public Schools, (hereinafter "School Board"), and states:

1. This is an action for damages exceeding $75,000.00, exclusive of interest and costs, and for other relief permitted by law, as a result of unlawful employment discrimination in violation of federal law.

### Jurisdiction

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and §1343; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and as amended, 42 U.S.C. 2000e et seq; and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes (2001).

3. All conditions precedent to this action, including the filing of a charge of Discrimination, have been performed or have occurred. A copy of the "Notice of Right to Sue Within 90 Days" dated March 10, 2006, is attached hereto as exhibit "A".

Parties

4. At all times material hereto, the Plaintiff, André L. Grant, was a resident of Miami, Miami-Dade County, Florida, and was seeking employment with the Miami-Dade County School Board which does business as the Miami-Dade County Public Schools, in Miami, Florida. Further, at all times material hereto, the Plaintiff was and is a United States citizen of African descent, commonly referred to as African American or Black.

5. At all times material hereto, the Defendant, Miami-Dade County School Board, was and is a local school board of the state system of public education of the State of Florida; organized pursuant to the laws and constitution of the Sate of Florida to manage, control, operate, administer and supervise the district school system in Miami, Miami-Dade County; and may sue and/or be sued. The Plaintiff was previously employed the School Board from July 1, 1997 to on or about July 1, 1999, as a physical education teacher. The Plaintiff was also employed from August 12, 2004 to on or about June 6, 2005 by the discriminatory officials, witnesses to the discrimination and other employees in Miami, Duval County, Florida.

6. At all times material hereto, the Defendant, Miami-Dade County School Board is a "person" within the meaning of 42 U.S.C. 2000e(a) and an "employer" within the meaning of 42 U.S.C. 2000e(b).

Facts

7. The Plaintiff is a high school graduate of Florida's state system of education in Daytona Beach, Volusia County.

8. In 1985, the Plaintiff earned his Bachelor of Science (B.S.) degree in Physical Education from Bethune-Cookman College in Daytona Beach, Florida.

9. In August of 1993, the Plaintiff earned his Master's of Arts in Teaching (M.A.T)

in Educational Leadership from Jacksonville University, Jacksonville, Florida.

10. In August of 2000, the Plaintiff applied and was accepted into the Ph.D. Program in Educational Leadership at Florida Agricultural & Mechanical University, Tallahassee, Florida.

11. In July of 2002, the Plaintiff completed all coursework and passed a comprehensive examination for the Ph.D. in Educational Leadership administered by the Department of Educational Leadership & Human Services at Florida Agricultural & Mechanical University, Tallahassee, Florida.

12. On August 12, 2004, the Plaintiff applied and interviewed for a physical education teacher position at the 500 Role Model Academy of Excellence, Miami-Dade County Public Schools, 6300 N.W. 27th Avenue, Miami, Florida 33147.

13. Mr. Mitchell Kinzer ("Kinzer), school site administrator interviewed the plaintiff and thereafter offered the Plaintiff employment as a physical education teacher.

14. At all times material hereto, the School Board nor Kinzer expressed, informed, or notified the Plaintiff in any publications concerning the disciplinary background of the students enrolled at this school site.

15. The Plaintiff realized the nature, status, and disciplinary background of the students on September 14, 2004 when Patrick Wright tried to assault the Plaintiff. The Plaintiff restrained the student and reported it to Kinzer and the guidance counselor, Mr. Vernon Wilder ("Wilder").

16. Additionally, the Plaintiff and Wilder immediately called the student's parent and conducted a parent conference in Wilder's office.

17. However, at the same time Kinzer called the Miami-Dade County School

Board Police Department to make a report without obtaining any information or regards for the Plaintiff safety or well-being.

18. At that point, the Plaintiff realized that in order to protect his good name, character and reputation he would from that day forth obtain eyewitness statements from students, if any future incidents occurred.

19. On December 16, 2004, Anthony Holland ("Holland") and Keenon Perriman ("Perriman") attacked the Plaintiff in the Boys' Locker Room. Student statements are attached hereto as exhibits "B", "C", and "D".

20. The Plaintiff immediately reported the incident to the School Resource Officer, Jose Jimenez ("Jimenez"), Miami-Dade County School Board Police. Holland and Perriman wrote false and misleading statements to Jimenez.

21. However, Jimenez refused to arrest the students.

22. After review, Jimenez took the side of Holland and Perriman and refused to arrest them. The Plaintiff had a visibly torn shirt that was seen by Mr. Kenneth Lawrence ("Lawrence"), School Security.

23. On January 20, 2005, another incident occurred. Henry James Isaac, Jr. ("Isaac') kicked the Plaintiff in the back during physical education class.

24. The Plaintiff called Mr. Jermaine Sawyer ("Sawyer") School Security, to remove Isaac from class as required by 1003.32 (1); 1003.32(3), (4); and 1006.09(1)(c), Florida Statutes.

25. After class, the Plaintiff wrote an incident report and submitted it to Kinzer.

26. After review, Jimenez took the side of Isaac and refused to arrest him.

27. At all times material hereto, the Plaintiff provided the Miami-Dade County

School Board Police Department and the School Board with student eyewitnesses to the last two incidents as the Plaintiff's previously stated strategy.

28. However, the Miami-Dade County School Board Police Department refused to acknowledge the statements.

29. On or around January 25, 2005, the Plaintiff reported the incident to Assistant State Attorney, Jason A. Jones ("Jones"), Miami-Dade County State Attorneys Office (SAO).

30. At the request of the Plaintiff and with the permission of the parents, Jones subpoenaed and interviewed Robbie Elvine ("Elvine") and MacKendy Charles ("Charles") who were eyewitnesses to the kicking incident. Additionally, both students wrote statements of what occurred. The students reassured Jones that the statements were authentic and written by their own free will, are attached hereto as exhibits "E", "F", and "G".

31. At the request of the Plaintiff, Jones' telephonically interviewed more than twenty (20) other students who were eyewitnesses to the kicking incident. The results of those interviewed yielded more students who confirmed that the Plaintiff did not retaliate against Isaac.

32. In a similar incident Mr. Adam Tavss ("Tavss") was accused of grabbing Antoine Lester ("Lester") in the school hallway during school hours. Lester reported the allegation to the Plaintiff and Lester reported the incident to Kinzer. While in the school main office, Lester phoned his mother. Angered, Lester's mother reported to the school in reference to the incident. However, the school site administrator did not report the allegations against Tavss to the Miami-Dade County School Board Police, nor did Jimenez write any investigative report. On the day of the incident, Lester's mother discussed the incident with the Plaintiff, Mr. Welton Robinson, and Mr. Stacey Wimes.

33. The School Board unlawfully discriminated against the Plaintiff by holding

Plaintiff to a high performance standard---when evaluation the Plaintiff's performance---than similarly situated employees of a different racial group.

34. Because of Tavss' race, he was afforded specially treatment.

35. As a direct and proximate result of the School Board's not reappointing the Plaintiff and their unlawful race discrimination when evaluating the Plaintiff's performance, the Plaintiff sustained damages including, but not limit to, loss of career opportunities, promotional opportunities, loss of employment, loss of pay, humiliation and mental pain and suffering.

36. **WHEREFORE**, the Plaintiff demand judgment against the School Board for reinstatement, back pay, compensatory damages, injunctive relief, equitable relief, prejudgment interest, and costs.

Demand for Jury Trial

37. The Plaintiff demands trial by jury on the issues raised herein.

Respectfully submitted,

Plaintiff Pro Se

ANDRE LAVON GRANT
2341 Marietta Avenue
Spring Hill, FL 34608-4865
(352) 684-4623 Home
(786) 348-1793 Mobile
andrelavon_grant@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Complaint has been furnished by hand delivery to: Ms. Julie Ann Rico Allison, Esq., School Board Attorney, Miami-Dade County Public Schools, 1450 N.E. 2nd Avenue, Miami, Florida 33132 on this 17th day of March, 2006.

March 17, 2006 Andre LaVon Grant

# EXHIBITS "A"

# DISMISSAL AND NOTICE OF RIGHTS

To: Andre Grant
628 Hudson Street
Boynton Beach, FL 33

From: Miami District Office
Equal Employment Opportunity Commission
One Biscayne Tower, Suite 2700
2 South Biscayne Boulevard
Miami, FL 33131-1805

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2005-02730 | Delia Hernandez | (305) 530-6038 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice;** otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Federico Costales, District Director

DEC 0 9 2005
*(Date Mailed)*

Enclosure(s)

cc: Respondent(s): Miami-Dade County Public Schools
**c/o Terry Chester, Compliance Officer**
Civil Rights and Diversity Compliance
1500 Biscayne Blvd. - Suite 234
Miami, FL 33132

300

Image reflects quality of original submission

FROM: Delia Hernandez, SR. INVESTIGATOR
MIAMI DISTRICT OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ONE BISCAYNE TOWER, SUITE 2700
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

MIAMI FL 331
10 MAR 2006

UNITED STATES POSTAGE
02 1A
0004601471
$ 00.39⁰
MAR 10 2006
MAILED FROM ZIPCODE 33131

Mr Andre Grant
2341 Marietta Avenue
Spring Hill, FL 34608-4865

34608+4865 [redacted]

# EXHIBITS "B"

During pe I saw Coach tell some kids
to Dress Back in About 5:50 that AFternoon
or A student push coach And when coach
went to restrain the student so A nother
student came And Jack coach up And Coach
was pent in the coner so I ran out
the Locker room, thats All I seen.

Image reflects quality of original submission

# EXHIBITS "C"

(Incident 2)

Carlos Joseph

My Name is Carlos Joseph and this is what I saw. I saw keenon grab coach and as coach try to pull them of studen start throwing shoes an stuff all I know keren bragging about slapping coach.

Image reflects quality of original submission

# EXHIBITS "D"

(Incident I)

1/7/05

My Name is James Royal and I was in the locker room when the situation happen with Coach Grant, Tony, and Keenan. What I seen was, first Keenan push coach Grant and started cusin. Then Tony came in the locker room and seen what happen. After that Tony and Keenan had coach grant Jacked up on the wall in was throwing a couple of punches and other people was throwing cones, books, pencils, and shoes at Coach Grant. After that they let him go and every body started to leave the locker room. Tony and Keenan left and set on the patio to be dismissed to go home.

Image reflects quality of original submission

# EXHIBITS “E”

(Incident #3)

RobbieEhino

yesterday we were out on the Feild playing [redacted] Baseball and some one went to bat and they hit the ball So Someone else was going to bat and Coach was calling people to bat and Henry grabbed the bat and it was already his tern and [redacted] Coach told him to Put the bat Down and he would not put it down and then when Coach told him to go to the office and when Coach turned around and walked away Henry Kicked Him.

Mother, Celiste - (Cellular) 786-357-7032

Image reflects quality of original submission

# EXHIBITS "F"

(Incident #3)

M.C.
Mackenzie [illegible]

yesterday 1/20/05

coach let us play baseball and henry was not letting other kids play he was hogging the bat so coach told him give him the bat or go to the office and henry started using profanity and coach took the bat henry pushed coach so coach called mr. Sawyer and henry put up his set and was getting ready to punch coach and coach walked way and henry kiked coach in the back.

Mother - Margie Paul - 305-759-9209

Image reflects quality of original submission

# EXHIBIT "G"

(Incident #3)

Carli[illegible] I [illegible]

as I was playing baseba[illegible] I Turned around I saw henry take off his shirt and then ran [illegible] [illegible] then start swinging Then henry started raging [illegible] when coach [illegible] heard henry [illegible] in his butt

Image reflects quality of original submission

# CIVIL COVER SHEET

06-20741 CIV-KING

MAGISTRATE JUDGE GARBER

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Andre LaVon Grant

**DEFENDANTS** Miami-Dade County School Board d/b/a Miami-Dade County Public Schools

**(b)** County of Residence of First Listed Plaintiff Hernando
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se
2341 Marietta Avenue
Spring Hill, FL 34608-4865

Attorneys (If Known)
Ms. Julie Ann Rico-Allison

**(d)** Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade / 06-20741-CV-King / Garber

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Civil Rights Act of 1964 - Race discrimination Case by employer.
LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 75,000.00
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 03/16/2006 SIGNATURE OF ATTORNEY OF RECORD Andre L. Grant, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP Yes